UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT T. BROCKMAN, § § Plaintiff, § § v. § § INTERNAL REVENUE SERVICE, § 1111 Constitution Avenue N.W. § Washington, D.C. 20224 § § Defendant. § | | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Robert T. Brockman brings this action for declaratory and injunctive relief pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and complains as follows:

1. Plaintiff seeks to compel the disclosure of all government documents and records requested pursuant to FOIA that were unlawfully withheld by Defendant, the Internal Revenue Service (the "IRS").

**JURISDICTION**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

4. Plaintiff Robert T. Brockman, an individual, is a citizen of the United States of America. He resides in Houston, Texas.

5. Defendant is an agency of the United States government within the meaning of 5

U.S.C. § 552(f)(1), headquartered in Washington, D.C., that has possession and control over the records that Mr. Brockman seeks under the FOIA.

## STATUTORY FRAMEWORK

6. FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply.   5 U.S.C. § 552(a)(3)(A).

7. Records are agency records subject to FOIA if the agency created or obtained them and the agency controlled them at the time the FOIA request is made.

8. An agency has twenty business days after the receipt of an appeal of an adverse determination of a FOIA request in which to make a determination with respect to the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).   If the agency fails to respond, this Court has jurisdiction upon receipt of a complaint to review, *de novo*, the agency's failure to respond and to order the production of any agency records improperly withheld from the requester.   5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

9. On December 28, 2021, Mr. Brockman, through his attorneys, submitted a FOIA Request on Expedited Basis (the "FOIA Request") to Defendant by certified mail.   A copy of the FOIA Request (without enclosures) is attached as **Exhibit A**.

10. The records requested in the FOIA Request were reasonably described.   The FOIA Request included Mr. Brockman's name, social security number, and location, and identified the subject matter of the requested records and the years at issue.   26 C.F.R. § 601.702(c)(5)(1).

11. The FOIA Request requested copies of all documents, records and communications maintained, created, received, reviewed, or relied on, by any Special Agent,

Revenue Officer, Revenue Agent, Manager or any other employee or independent contractor of the IRS, related to:

    a. The Notice of Jeopardy Assessment and Rights to Appeal (inclusive of Jeopardy Recommendation Report) dated September 9, 2021, that was served on Robert T. Brockman (the "Jeopardy Assessment");

    b. The Notice of Jeopardy Levy and Right of Appeal dated September 9, 2021, that was served on Robert T. Brockman (the "Jeopardy Levy");

    c. The Notices of Federal Tax Liens, Notices to Taxpayer of Nominee Federal Tax Lien Filings, Notices to Taxpayer of Alter Ego Federal Tax Lien Filings (collectively, the "Liens"), and Notices of Levy related to purported nominees (the "Levies"), that were served on Robert T. Brockman;

    d. Any and all approvals or waivers sought and/or obtained in connection with the Jeopardy Assessment, Jeopardy Levy, NFTLs, or Levies whether required by the Internal Revenue Manual ("IRM") or otherwise;

    e. All activity logs or notes made or taken by any Special Agent, Revenue Officer, Revenue Agent, Manager or any other employee of the IRS; any reports made by or received by any Revenue Officer, Revenue Agent, Manager or any other employee of the IRS; and work papers, correspondence (including e-mails), and/or any explanations or statements regarding the basis for the liability set forth in the Jeopardy Assessment, Jeopardy Levy, NFTLs, or Levies;

    f. Requests for information and the responses thereto between or among employees or independent contractors of the Internal Revenue Service and the Department of Justice related to Robert T. Brockman, the Jeopardy Assessment, the Jeopardy Levy, NFTLs, or Levies; and

    g. The criminal proceeding pending in the Southern District of Texas, captioned as *United States v. Brockman*, No. 4:21-cr-009.

12. Mr. Brockman also requested a Vaughn index of each record or portion thereof not disclosed, along with a statement describing the statutory basis for not disclosing each record or portion thereof. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. 1973).

13. Defendant received Mr. Brockman's FOIA Request on January 3, 2022.

14. Defendant assigned the FOIA Request to Disclosure Officer Stacey Bess.

15. The FOIA Request asked for expedited processing on the basis that delay in processing may result in the "[t]he loss of substantial due process rights."

16. By letter dated January 12, 2022, Disclosure Officer Bess granted Mr. Brockman's request for expedited processing.

17. On January 14, 2022, during a teleconference with counsel for Mr. Brockman, Disclosure Officer Bess indicated that records in response to the FOIA Request would be provided on a rolling basis beginning on January 21, 2022.

18. Defendant failed to produce any records on January 21, 2022.

19. Defendant purported to make its first production in response to the FOIA Request on February 2, 2022.   That production was not received until on or about April 1, 2022.

20. Defendant purported to make a second production in response to the FOIA Request on February 15, 2022.

21. Defendant made its final production in response to the FOIA request on March 9, 2022.

22. The three purported productions were produced to Mr. Brockman on encrypted computer disks.   Passwords purporting to decrypt the computer disks were mailed separately.

23. Mr. Brockman cannot access the February 2, 2022 and February 15, 2022 productions because the passwords provided do not decrypt the accompanying computer discs.

24. Counsel for Mr. Brockman has more than once requested that Defendant provide passwords that will decrypt the computer disks, however, to date, working passwords have not been provided.

25. Counsel for Mr. Brockman requested, in the alternative, physical productions of the records.   No physical production of these records has been made to Mr. Brockman.

26. Counsel for Mr. Brockman remains unable to review the documents purportedly provided on February 2, 2022 and February 15, 2022.

27. The March 9, 2022 production included a cover letter indicating that "[t]his is a final response to your Freedom of Information Act (FOIA) request dated December 28, 2021" (the "Final Response").   A copy of the Final Response is attached as **Exhibit B**.

28. The Final Response indicated that 1,155 pages were being produced and that 145 of the pages were being withheld in part or in full.

29. Defendant failed to produce a Vaughn index cataloguing the withheld materials.

30. The single accessible computer disk provided on March 9, 2022, included 82 pages, many of which were heavily redacted.

31. Without the requested Vaughn index, counsel for Mr. Brockman lacks sufficient information to challenge Defendant's blanket assertions of the purported FOIA exemptions.

32. Upon information and belief the redactions are baseless.   For example, in the March 9, 2022 production, the IRS redacted Mr. Brockman's own last name on the grounds that it constitutes protected third party taxpayer information under 26 U.S.C. § 6103.

33. After receiving the Final Response, counsel for Mr. Brockman contacted Disclosure Officer Bess and discussed the deficiencies with respect to the productions themselves and the scope of her search for documents.

34. Based on information and belief, counsel for Mr. Brockman believes there are significantly more responsive documents than those produced.   While the FOIA Request identified five IRS employees that might possess responsive information, it is now apparent that

at least 25 IRS employees are involved in the activities described in the FOIA Request. However, Disclosure Officer Bess conceded that she only requested records from a single person:   Revenue Officer Vincent Sandles.

35. Despite the scope of the FOIA Request, Defendant conducted only a minimal and inadequate search and failed to provide reasonably described records that were in the possession and control of Defendant, in violation of 5 U.S.C. § 552(a)(3)(A) and 26 C.F.R. § 601.702(c)(1)(i).

36. On April 1, 2022, Mr. Brockman, through his attorneys, filed an administrative appeal of the Final Response (the "Administrative Appeal") with the IRS Independent Office of Appeals at its offices in Fresno, California and Riverside, California ("Appeals").   A copy of the Administrative Appeal (without enclosures) is attached as **Exhibit C**.

37. By letter dated April 8, 2022, Appeals Officer Thelma Flotte acknowledged receipt of the Administrative Appeal and notified Mr. Brockman that Appeals is "required to complete [its] consideration of your appeal within 20 business days after [April 4, 2022]."   A copy of Appeals Officer Flotte's April 8, 2022 letter is attached as **Exhibit D**.

38. Appeals failed to respond to the Administrative Appeal within the 20 business days prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 26 C.F.R. § 601.702(c)(10)(iii).

39. Mr. Brockman has exhausted his administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and this Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) to enjoin Defendant from withholding agency records and to order the production from Defendant of any records improperly withheld from Mr. Brockman.

## CAUSES OF ACTION

### Production Under the FOIA

40. Mr. Brockman asserts and incorporates by reference paragraphs 1-39.

41. Mr. Brockman properly requested records within Defendant's control and possession in accordance with FOIA.

42. Mr. Brockman is entitled under FOIA to access the requested records.

43. Defendant wrongfully withheld the requested records in violation of FOIA.

44. Mr. Brockman exhausted his administrative remedies with regard to the wrongfully withheld records.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Brockman prays that this Court:

a. declare that Defendant's failure to disclose the records requested by Mr. Brockman is unlawful;

b. enjoin Defendant from withholding and order Defendant to disclose the requested records to Mr. Brockman, in accordance with 5 U.S.C. § 552(a)(4)(B);

c. order Defendant to provide a Vaughn index and explanation of any records withheld in part of in full;

d. award Mr. Brockman his costs and reasonable attorney fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

    e.    grant such other and further relief as this Court may deem just and proper.

Dated:   May 6, 2022

/s/ Irina K. Bleustein
Irina K. Bleustein
District of Columbia Bar No. 1044772
Email: ibleustein@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: 202-879-3653
Facsimile: 202-626-1700

Kathryn Keneally (*application for Pro Hac Vice admission forthcoming*)
New York Bar No. 1866250
Email: kkeneally@jonesday.com
Frank J. Jackson (*application for Pro Hac Vice admission forthcoming*)
New York Bar No. 2870251
Email: fjackson@jonesday.com
Michael J. Scarduzio (*application for Pro Hac Vice admission forthcoming*)
New York Bar No. 5147186
Email: mscarduzio@jonesday.com
Anthony J. DeRiso (*application for Pro Hac Vice admission forthcoming*)
New York Bar No. 5787312
Email: aderiso@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: 212-326-3939
Facsimile: 212-755-7306

*Attorneys for Plaintiff Robert T. Brockman*