UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT T. BROCKMAN,                 ) <br>                                                   ) <br>        Plaintiff,                   ) <br>                                                   ) <br> v.                               ) <br>                                                   ) <br> INTERNAL REVENUE SERVICE,     ) <br>                                                 ) <br>        Defendant.                ) <br> _____) | Case No. 1:22-cv-01254 |

**JOINT STATUS REPORT**

Pursuant to the Court's Minute Order dated July 5, 2022, counsel for the Internal Revenue Service (the "Service" or "IRS") and counsel for Robert T. Brockman provide the following Joint Status Report for this Freedom of Information Act ("FOIA") case:

<u>Counsel for Robert T. Brockman:</u>

Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, counsel for Plaintiff notified the Court of Mr. Brockman's death on August 5, 2022. *See* Dkt. No. 20. We expect that an executor of Mr. Brockman's estate will be appointed on October 26, 2022. Once an executor is appointed, we will move this Court to substitute the executor of Mr. Brockman's estate as Plaintiff. The executor of Mr. Brockman's estate is authorized under 26 U.S.C. § 6103 and Defendant's Internal Revenue Manual to receive the returns and return information of Mr. Brockman. *See* 26 U.S.C. § 6103(e)(3); I.R.M. § 11.3.2.4.11 (9-17-2020) ("The . . . executor . . . of an estate may receive the returns and return information of the deceased individual.").

Counsel for Plaintiff continues to be concerned with the pace of Defendant's searches and its progress in releasing documents as required by FOIA. Plaintiff filed his FOIA request on December 28, 2021 (the "FOIA Request"), and his Complaint in this action on May 6, 2022. On

July 5, 2022, the Court ordered that Defendant provide Plaintiff with a status report every 30 days.  In its first status report dated August 4, 2022, Defendant reported that it had only begun doing searches and identifying custodians of potentially responsive records, and could not quantify the universe of potentially responsive records.  Defendant informed counsel for Plaintiff that it would not provide a second status report, due September 6, 2022, because there was no longer a named plaintiff due to Mr. Brockman's death.  Not a single record under FOIA has been released to Plaintiff since the filing of the Complaint.

Despite having received his FOIA Request over nine months ago, it appears to counsel for Plaintiff that Defendant has taken minimal steps to satisfy its obligations under FOIA.  To better understand Defendant's progress, counsel for Plaintiff renews the request that the Court schedule a status conference to discuss the timing of when Defendant will begin releasing responsive records and when Defendant will complete its production and meet its obligations under FOIA.  Counsel for Plaintiff believes that holding such a hearing within 45 days from the date of this filing, should provide Defendant with sufficient time to complete its search and ascertain the universe of potentially responsive records.  Counsel for Plaintiff believes that having a hearing to discuss Defendant's progress and setting a release schedule will allow this case to proceed efficiently, preserving the resources of the Court and the parties.

<u>Internal Revenue Service:</u>

The Service has identified additional custodians and additional record systems where potentially responsive records were found. The Service is in the process of gathering those records and providing them to the IRS's Office of Chief Counsel for review. There appear to be hundreds of thousands of *potentially* responsive records in this case. Once the Service has provided those records to the Office of Chief Counsel, the Service's attorneys will begin

reviewing the hundreds of thousands of records for responsiveness, and, if responsive, whether any FOIA exemptions apply.

Once a substitute plaintiff has been identified and ordered pursuant to Federal Rule of Civil Procedure 25(a), the substitute Plaintiff will need to establish his or her authorization to receive third party return information of the subject of the FOIA request. Title 26, section 6103 of the Internal Revenue Code, which is an Exemption 3 non-disclosure statute, prohibits disclosing third party return information to another without consent of the subject taxpayer or of the authorized third party with a documented material interest. Search and review of the requested records, and disclosure of the fruits of that review, is premature until and unless the new plaintiff demonstrates their authority to request and receive records at issue here. The FOIA request now is facially for third party return information, and thus the Service must categorically exempt this information from disclosure under Exemption 3 with 26 U.S.C. §§ 6103(a),(b) and §§ 6103 (c), (e). *See Elec. Privacy Info. Ctr. v. IRS*, 910 F.3d 1232 (D.C. Cir. 2018).

Dated: September 29, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Kieran O. Carter*
KIERAN O. CARTER
Virginia Bar No. 81953
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
(202) 598-7821 (telephone)
(202) 514-6866 (facsimile)
Kieran.O.Carter@usdoj.gov
*Attorney for the Internal Revenue Service*

*/s/ Frank J. Jackson*
Frank J. Jackson (*admitted pro hac*)
New York Bar No. 2870251

Email: fjackson@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: 212-326-8329
Facsimile: 212-755-7306

*Attorney for Plaintiff Robert T. Brockman*

CERTIFICATE OF SERVICE

    I certify that on the 29th day of September, 2022, I electronically served this document on all counsel of record.

                                              */s/ Michael J. Scarduzio*
                                              Michael J. Scarduzio